Article 2828, Vernon's Annotated Civil Statutes, provides that the terms "county treasurer" and "county treasury" as used in all provisions relating to school funds, shall be construed to mean the county depository, and that the commissioners' court shall file with the State Department of Education a copy of the bond of said depository to cover school funds.

Article 2629 of the same codification provides as follows:

"Within twenty days after the receipt of a certificate of its selection, the County Depository shall execute a good and sufficient bond, payable to the County Judge, in amount equal to the probable amount of available School Fund, which may be on deposit at any one time, and of the permanent County Fund, to be estimated by the County Superintendent, or Commissioners' Court in a county having no Superintendent, and shall be conditioned that the depository will faithfully perform its duties under this title, and safely keep and faithfully disburse the School Fund according to Law, and pay such warrants as may be drawn on said fund by competent authority; provided, in lieu of said bond, such depository may secure said School Funds in the same manner as is now provided by Law for qualification as County Depository.

"Sec. 1-A. In the event depositories have been selected at the time of adoption of the above provision, such depositories may, at option, secure said School Fund by approved securities other than by personal bond."

Article 2824 authorizes each county to sell or dispose of the lands granted to it for educational purposes and invest the proceeds thereof in bonds of the type specified therein.

Our question, therefore, is whether bonds purchased under Article 2824 should be placed in the custody of the county depository or whether they should be kept by the county treasurer. We have been unable to find any statute precisely in point. Therefore, it will be necessary to look elsewhere for authority.

Our Supreme Court had this question before it in the case of Kempner v. County of Galveston, 73 Tex. 216, 11 S.W. 188. The decision was rendered in 1889, long before the statutes relating to county depositories were enacted, but the reasoning employed by the court is, we think, still applicable to the subject question. We quote from the opinion of the court:

"We have not found any express provision of the statutes which makes the county treasurer the custodian of the securities belonging to the permanent school fund. But he is required by article 995 to keep an account of 'the debts due to and from his county, to direct prosecutions according to law for recovery of all debts that may be due his county, and superintend the collection thereof'. Article 996 requires him to report the debts due to the county to the Commissioners' Court, and the next succeeding article contains this language: 'He shall deliver the moneys, securities, and all other property of the county in his hands *** to his successor in office.' These articles are sufficient to show as we think that it was contemplated that the county treasurer should be the custodian of the securities belonging to the school fund of the county."

(Articles 995, 996 and 997, above referred to by the court, have been brought forward as Articles 1710, 1711 and 1712, R.C.S., 1925.)

If the statutes relative to the county depository have

not changed the law with respect to the custody of such securities, then the above-quoted holding answers our question, for the statutes cited by the court are still in effect.

This question was before this department in 1931. We quote the following from a letter opinion of June 9, 1931, to Honorable S. M. N. Marrs, State Superintendent of Public Instruction (Vol. 322, p. 344):

> "It is our opinion . . . that the term 'funds' is synonymous with the term 'money' as used in this connection . . . The term 'funds' evidently contemplates, as used in the statutes relative to the county depository of school funds, something to be placed with the bank which will earn interest on the entire amount. In this commercial age, it would be ridiculous to assert that any bank would pay interest to the county for the privilege of holding bonds or other securities which it was not free to sell or dispose of and thus make money for itself. The act is based upon the well known fact that banks can lend money deposited with them and earn interest, and they are in turn charged with the use of the money placed with them, which they in turn use in the banking business.

> " . . .

> " . .... you are advised that the custody of the bonds and other securities representing investments of the Permanent School Fund, in my opinion, would be with the county treasurer of the county. By Article 1712 this official is required to deliver to his successor not only the moneys or other property of the county in his hands, but also the securities. His general bond covers his responsibility for such securities. Kempner v. County of Galveston, 73 Tex. 216."

It is our opinion that the proper construction of the law is announced in the above-quoted opinion.

This conclusion is fortified by an examination of the statutes themselves.

Article 2547 in providing for the surety bonds of county depositories provides that they shall be in an amount "equal to the estimated highest daily balance of such county as determined by the Commissioners Court, such estimated daily balance to be in no event less than seventy-five per cent (75%) of the highest daily balance of said county for the next preceding year, less the amount of bond funds received and expended, provided, however, in the event that county funds derived from the sale of county securities during the term such bond are deposited, such Commissioners Court shall require additional bond and/or bonds, and/or pledge of securities equal to the amount of such additional county funds." (emphasis supplied)

Article 2548 provides in part:

"Whenever, after the creation of a county depository, as by this Act provided, there shall accrue to the county or any subdivision thereof, any funds or moneys from the sale of bonds or otherwise, the Commissioners Court of such county at its first meeting after such special funds shall have come into the Treasury, or depository of such county, or so soon thereafter as may be practicable, may make written demand upon the duly accredited and establish depository of the county for a special additional bond as such depository in a sum equal to the whole amount of such special fund, to be kept in force so long as such funds remain in such depository."

It is seen in the first place that the surety bond is to be of an amount equal to the "estimated highest daily balance". It is our opinion that the word "balance" con-

Honorable R. S. Wyche - page 6

templates a fluctuating account where moneys may be deposited and withdrawn on frequent occasions. In the second place, it is obvious that the surety bond is not to cover securities, for provision is made for an additional bond to cover additional funds realized from the sale of securities.

It would be incongruous to say that the securities are to be in the custody of the depository if the surety bond under the law does not make provision to cover them. Municipal bonds are negotiable instruments, and the title to most bonds passes by delivery. It is our opinion that the Legislature did not intend that county-owned securities should be placed in the custody of the county depository. This is evident from the requirement that the county depository must furnish an additional surety bond to cover additional funds realized from the sale of securities and deposited with the depository.

You are, therefore, advised that it is the opinion of this department that the custody of bonds owned by the county permanent school fund is properly with the county treasurer, and not the county depository.

You ask whether the commissioners' court has the authority to require an additional security bond for the safekeeping of these bonds. Your attention is directed to Article 1704 which provides that the county treasurer shall give a bond payable to the county judge, to be approved by the commissioners' court "in such sum as such court may deem necessary". Article 1705 provides that the commissioners' court, whenever it considers the bond or bonds insufficient, shall require such treasurer to give another bond or bonds or an additional bond or bonds. This authority is ample for the court to require an additional bond if it determines that the present bond is insufficient.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS-bv

APPROVE
OPINION
COMMITTI